# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------

ELAINE WANG,                                    :
                                                :
                    Plaintiff,                  :       Civil Action No. _____
                                                :
v.                                              :       **COMPLAINT FOR VIOLATIONS OF**
                                                :       **SECTIONS 14(a) AND 20(a) OF THE**
NEOS THERAPEUTICS, INC., BRYANT                 :       **SECURITIES EXCHANGE ACT OF**
FONG, BETH HECHT, ALAN HELLER,                  :       **1934**
GERALD MCLAUGHLIN, JAMES                        :
ROBINSON, GREG ROBITAILLE, JOHN                 :       **JURY TRIAL DEMANDED**
SCHMID, and LINDA M. SZYPER,                    :
                                                :
                    Defendants.                 :
---------------------------------------------------------:

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon

information and belief, including investigation of counsel and review of publicly-available

information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal

knowledge:

1.      This is an action brought by Plaintiff against Neos Therapeutics, Inc., ("Neos

Therapeutics" or the "Company") and the members of Neos Therapeutics' board of directors (the

"Board" or the "Individual Defendants," and collectively with the Company, the "Defendants")

for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the

"Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17

C.F.R. § 244.100, in connection with the proposed merger between Neos Therapeutics and Aytu

BioScience, Inc. and its affiliates ("Aytu").

2.      Defendants have violated the above-referenced sections of the Exchange Act by

causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on January 27, 2021 with the United States Securities and

Exchange Commission ("SEC") and disseminated to the Company's stockholders. The Registration Statement recommends that the Company's stockholders vote in favor of a proposed transaction whereby Neutron Acquisition Sub, Inc., a wholly-owned subsidiary of Aytu, will merge with and into Neos Therapeutics, with Neos Therapeutics surviving as a wholly-owned subsidiary of Aytu (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Neos Therapeutics stockholder will receive (1) 0.1088 shares of Aytu common stock (the "Exchange Ratio") (provided that the Exchange Ratio is subject to a downward adjustment based on amounts loaned to Neos by Aytu pursuant to the Bridge Note (as described in the Registration Statement)) and (2) any cash in lieu of fractional shares of Aytu common stock (the "Merger Consideration").

3.      As discussed below, Defendants have asked Neos Therapeutics' stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, MTS Health Partners, L.P. ("MTS"), in support of its fairness opinion.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Neos Therapeutics' stockholders or, in the

event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Neos Therapeutics is incorporated in this District.

## PARTIES

9.     Plaintiff is, and has been at all relevant times, the owner of Neos Therapeutics stocks and has held such stocks since prior to the wrongs complained of herein.

10.     Individual Defendant Bryant Fong has served as a member of the Board since 2009.

11.     Individual Defendant Beth Hecht has served as a member of the Board since 2015

12.     Individual Defendant Alan Heller has served as a member of the Board since 2009.

13.     Individual Defendant Gerald McLaughlin has served as a member of the Board since 2018 and is also the Company's President and Chief Executive Officer.

14.     Individual Defendant James Robinson has served as a member of the Board since 2019.

15.     Individual Defendant Greg Robitaille has served as a member of the Board since 2009.

16.     Individual Defendant John Schmid has served as a member of the Board since 2015.

17.     Individual Defendant Linda M. Szyper has served as a member of the Board since 2018.

18.     Defendant Neos Therapeutics is a Delaware corporation and maintains its principal offices at 2940 N. Highway 360, Grand Prairie, TX 75050.  The Company's stock trades on the NASDAQ Stock Exchange under the symbol "NEOS."

19.     The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.    **The Proposed Transaction**

21.     Neos Therapeutics, a pharmaceutical company, develops, manufactures, and commercializes products for the treatment of attention deficit hyperactivity disorder (ADHD) using its drug delivery technology platform.  Its products are extended-release (XR) medications in orally disintegrating tablets or liquid suspension dosage forms.  The Company manufactures and markets Adzenys XR-ODT amphetamine for the treatment of ADHD; Cotempla XR-ODT methylphenidate to treat ADHD; Adzenys ER amphetamine for the treatment of ADHD; and generic Tussionex, a hydrocodone and chlorpheniramine polistirex XR oral suspension for cough and upper respiratory symptoms of a cold.  It also offers NT0502, a clinical-stage product candidate that has completed Phase I pilot pharmacokinetic trial for the treatment of neurological

conditions associated with excessive salivation and drooling to reduce chronic sialorrhea in patients. The Company was incorporated in 2009 and is headquartered in Grand Prairie, Texas.

22.     On December 10, 2020, the Company and Aytu jointly announced the Proposed Transaction:

> ENGLEWOOD, Colo. and GRAND PRAIRIE, Texas, Dec. 10, 2020 (GLOBE NEWSWIRE) -- Aytu BioScience, Inc. (NASDAQ: AYTU), a specialty pharmaceutical company focused on commercializing novel products that address significant patient needs, and Neos Therapeutics, Inc. (NASDAQ: NEOS), a commercial-stage pharmaceutical company developing and manufacturing central nervous system-focused products, today announced that they have entered into a definitive merger agreement pursuant to which Neos will merge with a wholly owned subsidiary of Aytu in an all-stock transaction.

> **Transaction Details**

> Upon the effectiveness of the merger (the "Merger"), Neos stockholders will be entitled to receive 0.1088 shares of common stock of Aytu for each share of Neos common stock held, after taking into account the one-for-ten reverse split of Aytu's common stock that was effected on December 8, 2020. The transaction will result in Neos stockholders owning approximately 30% of the fully diluted common shares of Aytu. The all-stock transaction is valued, on a fully diluted basis, at approximately $44.9 million based on the 10-day volume weighted average price of Aytu stock for the period ended December 9, 2020.

> The boards of directors of both companies have approved the transaction.

> **Strategic Rationale and Financial Benefits of the Transaction**

> The combined entity will have an increased footprint in the prescription pediatric market, an established, growing multi-brand ADHD portfolio addressing the $8.5 billion ADHD market and significant combined revenue scale. For the 12-month period ending September 30, 2020, Neos generated $57.0 million in revenues. On a combined pro-forma basis for this same period, Aytu and Neos' aggregate net revenue is over $100 million. In addition, this Merger facilitates operational and commercial synergies that can be harnessed to accelerate the path to profitability for the combined entity, with estimated annualized cost synergies of approximately $15.0 million beginning fiscal year 2022.

> "This is a truly transformative transaction, elevating the newly combined company to a $100 million revenue, leading specialty pharmaceutical company positioned for what we expect to be an accelerated path to profitability, continued revenue growth and further business diversification," said Josh Disbrow, Chief Executive

Officer of Aytu BioScience. "The combination of Neos with the Aytu business further increases our footprint in an attractive pediatric medicine market, following our acquisition of the Cerecor pediatric Rx assets late last year. This transaction is an excellent strategic fit with our market expansion plans and we believe creates strong stockholder value."

Mr. Disbrow continued, "This transaction increases Aytu's addressable market, adding the large and growing ADHD market, with 75.1 million scripts written annually. Importantly, and despite the impact of COVID-19 on this market, Neos' ADHD product growth significantly outpaced the overall ADHD market in the third quarter of 2020, with Adzenys XR-ODT prescriptions growing by 9.9 percent and Cotempla XR-ODT prescriptions growing by 6.5 percent. Expanding into ADHD with Neos is the ideal embodiment of Aytu's strategy to build a portfolio of best-in-class prescription therapeutics and consumer health products competing in large markets."

Neos' Chief Executive Officer, Jerry McLaughlin, stated, "I firmly believe Aytu BioScience is the right partner to continue the exceptional work our team has done to build the ADHD franchise into what it is today and to continue the development of NT0502 for the treatment of sialorrhea. By leveraging the respective commercial infrastructure of Neos and Aytu, including complementary sales call points and our best-in-class patient support program, Neos RxConnect, we expect continued growth of the product portfolio. After a thorough evaluation of strategic alternatives, the Board of Directors of Neos believes that this merger represents the highest-potential value creation opportunity for Neos stockholders."

**Additional Information**

The combined company will be led by Josh Disbrow, Chief Executive Officer of Aytu and will be headquartered in Englewood, Colorado. The board of the combined company will consist of six members designated by Aytu and two members designated by Neos, including Neos Chief Executive Officer and Director Jerry McLaughlin and Neos Director Beth Hecht.

The Merger is currently expected to close by the second quarter of 2021, subject to certain approvals by both Aytu and Neos stockholders and the satisfaction of other customary closing conditions.

As part of the transaction, Aytu has agreed to provide Neos with access to up to $5.0 million cash for working capital needs for the period prior to the closing of the Merger. In addition, upon closing of the Merger, $15.0 million in principal of Neos's existing senior secured debt facility with affiliates of Deerfield Management will be repaid, and Deerfield has agreed to allow the remaining debt under the facility to remain outstanding with the combined company following the Merger. Indebtedness under Neos's existing ABL agreement with Encina Business Credit will also remain outstanding.

Cowen is acting as the exclusive financial advisor to Aytu, and Dorsey & Whitney LLP is acting as its legal counsel. MTS Health Partners LP is acting as the exclusive financial advisor to Neos, and Goodwin Procter LLP is acting as its legal counsel.

\* \* \*

23.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that Neos Therapeutics' stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Registration Statement**

24.     On January 27, 2021, Neos Therapeutics and Aytu jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

25.     The Registration Statement fails to provide material information concerning financial projections prepared by management and relied upon by MTS in its analyses.   The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.  The Registration Statement indicates that in connection with the rendering of its fairness opinion, management prepared certain non-public financial forecasts (the

"Company Projections" and "Aytu Projections") and provided them to the Board and MTS with

forming a view about the stand-alone and pro forma valuations.  Accordingly, the Registration

Statement should have, but fails to provide, certain information in the projections that

managements provided to the Board and its financial advisor. Courts have uniformly stated that

"projections … are probably among the most highly-prized disclosures by investors. Investors can

come up with their own estimates of discount rates or [] market multiples. What they cannot hope

to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs.,*

*Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

26.     For the Neos Management Unadjusted Neos Projections, Neos Management Risk-

Adjusted Neos Projections, Neos Management Unadjusted Aytu Projections, Neos Management

Adjusted Aytu Projections, and Pro Forma Analysis, the Registration Statement provides values

for a non-GAAP (Generally Accepted Accounting Principles) financial metric for fiscal years 2021

through 2026: EBIT, but fails to provide line items used to calculate this metric or a reconciliation

of this non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation

G and consequently Section 14(a).

27.     The Registration Statement also fails to disclose the reason why MTS only

calculated unlevered free cash flow from the Neos Management Risk-Adjusted Neos Projections

and Neos Management Adjusted Aytu Projections, and not also from the Neos Management

Unadjusted Neos Projections and the Neos Management Unadjusted Aytu Projections.

28.     When a company discloses non-GAAP financial measures in a registration

statement that were relied on by a board of directors to recommend that stockholders exercise their

corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory

mandates, also disclose all projections and information necessary to make the non-GAAP

measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

29.     The SEC has noted that:

> [C]ompanies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

30.     Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metric included in the Registration Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

31.     With respect to MTS' *Discounted Cash Flow Analysis – Neos*, the Registration Statement fails to disclose: (i) the terminal values of Neos Therapeutics; (ii) the inputs and assumptions underlying the use of the terminal exit revenue multiples ranging from 1.0x to 2.0x and ranges of weighted average cost of capital of 15% to 19%; and (iii) Neos Therapeutics' current capitalization, as provided by Neos Therapeutics' management.

32.     With respect to MTS' *Discounted Cash Flow Analysis – Aytu*, the Registration Statement fails to disclose: (i) the terminal values of Aytu; (ii) the inputs and assumptions underlying the use of the terminal exit revenue multiples ranging from 2.0x to 2.7x and ranges of weighted average cost of capital of 9% to 13%; and (iii) Aytu's current capitalization, as provided by Aytu's management.

33.     With respect to MTS' *Pro Forma Combination Analysis*, the Registration Statement fails to disclose the inputs and assumptions underlying the use of the terminal exit revenue multiples ranging from 1.4x to 2.3x and ranges of weighted average cost of capital of 9.0% to 13.0%.

34.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

### CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

35.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or

misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

37.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

38.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.   Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).   The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

39.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.   The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.   Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.   Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

40.      The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

41.      Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42.      The Individual Defendants acted as controlling persons of Neos Therapeutics within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Neos Therapeutics, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Neos Therapeutics, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

43.      Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44.      In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Neos Therapeutics, and, therefore, is presumed to

have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

45.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

46.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

48.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.      Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: January 27, 2021                    **RIGRODSKY LAW, P.A.**

                                    By:  */s/ Gina M. Serra*
                                        _____
**OF COUNSEL:**                              Seth D. Rigrodsky (#3147)
                                        Gina M. Serra (#5387)
**WOLF HALDENSTEIN ADLER**                   300 Delaware Avenue, Suite 210
**FREEMAN & HERZ LLP**                       Wilmington, DE 19801
Gloria Kui Melwani                       Telephone: (302) 295-5310
270 Madison Avenue                       Facsimile: (302) 654-7530
New York, NY 10016                       Email: sdr@rl-legal.com
Telephone: (212) 545-4600                Email: gms@rl-legal.com
Facsimile: (212) 686-0114
Email: melwani@whafh.com                 *Attorneys for Plaintiff*